UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STANLEY WATKINS,

    Plaintiff,

v.

COLUMBUS CITY SCHOOLS,

    Defendant.

Case No. 2:19-cv-394
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

There are numerous matters in this case currently pending before the Court. These include: Plaintiff Stanley Watkins' ("Plaintiff" or "Watkins") Motion for Summary Judgment (ECF No. 14) to which Defendant Columbus City Schools ("Defendant") has responded (ECF No. 19), Defendant's Motion for Reconsideration of its Motion to Dismiss (ECF No. 18), Defendant's Motion for Judgment on the Pleadings (ECF No. 19) to which Plaintiff has responded (ECF No. 23) and Defendant had replied (ECF No. 25), Plaintiff's Motion for Judgment on the Pleadings (ECF No. 23) to which Defendant has responded (ECF No. 25), Defendant's Motion to Strike the Plaintiff's Amended Complaint (ECF No. 24) to which Plaintiff has responded (ECF No. 29) and Defendant has replied (ECF No. 30), and Plaintiff's Motion for Removal to Federal Court (ECF No. 32) to which Defendant has responded (ECF No. 33). The time for filing responses and replies to these motions has ended.

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Motion for Judgement on the Pleadings (ECF No. 23) are **DENIED**. Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED**. Defendant's Motion for Reconsideration

(ECF No. 18) is **DENIED as moot**. Additionally, Defendant's Motion to Strike (ECF No. 24) is **GRANTED**. Finally, Plaintiff's Motion for Removal (ECF No. 32) is **DENIED**.

**I.**

On February 6, 2019, Watkins, proceeding *pro se*, initiated this lawsuit nearly three years after Defendant terminated his one-year contract as a teacher. Watkins alleges Defendant failed to properly notify him about his pre-disciplinary hearing, which violated his due process rights. (Pl.'s Compl. ¶ 31, ECF No. 1.) Plaintiff brings this case under 42 U.S.C. § 1983. (*Id.*)

Watkins worked for Defendant as a special education kindergarten teacher from August of 2015 until October 28, 2015, when he was removed from the classroom. (*Id.* ¶¶ 9, 18.) Watkins worked for a total of 38 days. (*Id.* ¶ 11.) During this time, Defendant became concerned Watkins was unable to teach and control his class, maintain professional relationships with his teaching assistants, and ensure the safety of his seven disabled kindergarten students. (*Id.* at Ex. A.) Additionally, on several occasions, faculty members observed Watkins sleeping in his classroom while he was responsible for his students' care. (*Id.*) On October 28, 2015, Defendant removed Watkins from the classroom setting for allegedly improperly restraining a student. (*Id.* ¶ 18, Ex. A.)

Watkins' removal prompted a pre-disciplinary hearing. (*Id.* ¶ 21.) On December 7, 2015, Defendant sent Watkins a letter (the "Hearing Notice Letter"), which notified him of the pre-disciplinary hearing that was scheduled for December 16, 2015. (*Id.* ¶ 19–21, Ex. A.) The Hearing Notice Letter listed Defendant's allegations against Watkins, as follows:

> The reason for this [assignment] hearing is: it is alleged in the course of his position of [mentally disabled] kindergarten teacher, Stanley Watkins, on 10/26/15, violated the Board's Restraint and Seclusion Policy by implementing restraint and seclusion of a kindergarten student . . . . The following are allegations regarding Mr. Watkins's performance in the classroom: 1. Inappropriate student physical interventions; 2. Failure to exhibit / document planning instruction and to direct the

teaching-learning process; 3. After being directed by assigned mentor to not restrain children, Mr. Watkins continues such; 4. Falling asleep in the classroom during the supervision of [mentally disabled] children; 5. Exhibiting ineffective / negative interpersonal communication with staff; 6. Ineffective classroom. Furthermore, it is alleged that his professional conduct has created an unsafe classroom containing multiple disability children.

(*Id.*)

At the December 16, 2015 pre-disciplinary hearing, a union representative and two union attorneys represented Watkins. (Def.'s Mot. J. Pleadings at Ex. 1, ECF No. 19.) Defendant heard testimony from witnesses and reviewed documents. (*See id.*)

On April 19, 2016, Defendant notified Watkins that his alleged misconduct "[was] wholly contrary to his responsibilities, duties and obligations as a teacher" and therefore Defendant would initiate termination proceedings. (Compl. ¶ 23, Ex. B.) Defendant stated that the grounds for termination—"each of which is asserted independent of, and/or in combination with, the other grounds"—were as follows:

> 1. On or about October 6, 2015, while charged with the responsibility of performing duties as a classroom teacher of kindergarten students with multiple disabilities, Stanley Watkins was observed seated in a chair in the corner of his classroom for at least twenty minutes, motionless with his eyes closed while apparently asleep. On several other occasions between August 26, 2015 and October 28, 2015, two classroom instructional assistants also observed Stanley Watkins apparently asleep in the classroom. During the same time period, the building principal observed Stanley Watkins apparently asleep during a staff meeting and during a professional development meeting.
>
> 2. On several occasions between August 26, 2015 and October 28, 2015, Stanley Watkins displayed negative and/or ineffective interpersonal communication with other staff, including but not limited to the Fairwood Alternative School Music Specialist and classroom instructional assistants, and students.
>
> 3. During the time period of August 26, 2015 through October 28, 2015, Stanley Watkins failed to demonstrate and document adequate instructional planning relating to the general education curriculum as well as the individual needs of the students as required by their individualized education programs. Stanley Watkins

3

also failed to direct the teaching and learning process within the classroom as it related to students and staff which resulted in an unproductive and unsafe learning environment.

(*Id.*)

Watkins requested a hearing before a referee, pursuant to Ohio Revised Code § 3319.16. (*Id.* ¶ 23, Def.'s Mot. J. Pleadings at Ex. 2.) Watkins attorneys resigned on January 6, 2017, and going forward, he chose to represent himself. (*Id.*) The hearing before the referee commenced on March 6, 2017, and lasted 11 days. (*Id.*) The parties collectively called 14 witnesses and presented 71 exhibits. (*See id.*)

On June 8, 2017, the referee published a report recommending that Defendant terminate Watkins' contract. (*See id.*) The referee concluded that "Watkins' actions as set forth in the three enumerated grounds of [Defendant's] resolution, when taken as a whole, clearly are serious matters and constitute other good and just cause justifying termination of his limited contract as set forth under O.R.C. § 3319.16." (*Id.* at 17.) Based on this report, Defendant terminated Watkins' employment, effective June 20, 2017. (*See id.* at Ex. 3.)

Pursuant to Ohio Revised Code § 3319.16, Watkins then petitioned the Franklin County Common Pleas Court to review Defendant's decision and determine if "substantial and credible evidence" supported the allegations. (*See* Def.'s Mot. Dismiss at Ex. E, ECF No. 4.) To that end, Watkins alleged 27 errors by Defendant, including the violation of Watkins' procedural due process rights, specifically those required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). (*Id.*) For example, Watkins asserted the following assignments of error:

> 10.) The Resolution fails as to specificity and violates *Loudermill* [because] the Resolution falsely states, "P.1 Mr. Watkins has been informed of the charges against him as alleged below, and has been afforded an opportunity to respond to such charges."

11.) The hearing officer erred to the prejudice of Defendant-Appellant in overruling Defendant's motion to dismiss because Defendant was not given a proper *Loudermill* termination letter.

14.) The hearing officer erred to the prejudice of Defendant-Appellant by disregarding the fact that the Board Resolution does not match any prior letter that Watkins received.

(*Id.* at Ex. G.)

Upon reviewing those assignments of errors, the Franklin County Court of Common Pleas concluded that "Plaintiff was provided notice and full due process regarding his termination." (*See id.* at Ex. F.)

Watkins appealed to the Ohio Tenth District Court of Appeals. (*Id.* at Ex. K.) In his appellate brief, Watkins raised 12 assignments of errors, which again included his claims that the previous decision misapplied *Loudermill*. (*Id.*) The Tenth District addressed Watkins' "numerous claimed errors by overruling all of them en masse because [there was] no evidence in the record that the common pleas court" abused its discretion. (*Id.*)

On October 29, 2018, Watkins filed a Notice of Appeal to the Supreme Court of Ohio. (*See id.* at Ex. M.) On January 23, 2019, the Supreme Court summarily declined to exercise its jurisdiction over Watkins' appeal. (*See id.* at Ex. N.) Watkins filed this suit on February 6, 2019.

## II.

The parties' cross motions for judgment on the pleadings are to be evaluated under Federal Rule of Civil Procedure 12(c) which provides that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion is identical to the standard for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading

5

requirements set forth in Rule 8(a). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

In *Iqbal*, the Court explained that one of the "principles" underlying *Twombly* is that the ordinary rule that courts must accept as true allegations made in pleadings for purposes of deciding a Rule 12(b)(6) motion does not apply to legal conclusions. *Id.* at 678. In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A motion for judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment. *Source Assocs. v. Valero Energy Corp.*, 273 F. App'x. 425, 427 (6th Cir. 2008).

Moreover, courts are called to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen.*

*Motors*, 482 F. App'x 975, 976 (6th Cir. 2012) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, such "lenient treatment has limits" and courts "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted).

Plaintiff's motion for summary judgment is evaluated under Rule 56 which provides that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (The requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts."). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law." *Hamad v. Woodcrest Condo. Ass'n.*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

Although the parties' motions involve different standards of proof, both parties have based their grounds for relief solely on documents found in the administrative proceedings. Plaintiff's personnel file as well as the records from his termination proceedings and appeal are considered public record and therefore, the Court may consider them when ruling on the motions for judgment on the pleadings without converting them into summary-judgment motions. *Hackett v. Bd. of Educ. of the Marysville Exempted Village Sch. Dist.*, No. 2:18-cv-1308, 2019 U.S. Dist. LEXIS 94399, at *7 (S.D. Ohio June 5, 2019) (finding the Court can consider a public-school teacher's personnel file and matters filed in state court on a motion for judgment on the pleadings because the documents fit within well-known exceptions to Rule 12(d)).

## III.

Both parties move for judgment on the pleadings. The Court begins with Defendant's argument that Plaintiff's § 1983 claim is barred because the statute of limitations has run. In response, Plaintiff argues his claim is not barred because of equitable tolling and the continuous violations doctrine.[1]

### A. Statute of Limitations

Section 1983 does not provide a statute of limitations, and thus, the Court must refer to the state's applicable limitations period. *Hackett*, 2019 U.S. Dist. LEXIS 94399 at *8 (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)); *see also Ballinger v. City of Lebanon*, No. 1:07-cv-256, 2010 U.S. Dist. LEXIS 122115, at *12 (S.D. Ohio Sept. 16, 2010 ) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the

---

[1] Plaintiff's motion contains no independent argument for why he is entitled to judgment on the pleadings and instead only responds to some of Defendant's arguments.

coordinate tolling rules."). The Supreme Court has explained that § 1983 claims are best characterized as tort actions seeking recovery of damages for personal injuries, and thus, federal courts must borrow the state's statute of limitations governing personal injury actions. *Wilson*, 471 U.S. at 275–76; *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). In the Sixth Circuit the statute of limitations for a § 1983 claim in Ohio is two years from accrual pursuant to Ohio Revised Code § 2305.10. *Hackett*, 2019 U.S. Dist. LEXIS 94399 at *8 (citing *Browning v. Pendelton*, 869 F.2d 989, 992 (6th Cir. 1989)); *Ballinger*, 2010 U.S. Dist. LEXIS 122115 at *12.

While Ohio law provides the statute of limitations, federal law governs questions of when the limitations period begins to run. *Id.* at *10; *see also Cooey*, 479 F.3d at 416 ("[T]he Supreme Court recently made clear, federal law determines when the statute of limitations for a civil rights action begins to run.") (citing *Wallace v. Kato*, 549 U.S. 384 (2007)); *Ruiz-Bueno v. Maxim Health Care Servs.*, 659 F. App'x 830, 833 (6th Cir. 2016) ("Although the limitations period is set by state law, the accrual date of the limitations period . . . is a question of federal law."). In the Sixth Circuit, the statute of limitations period begins to run when the plaintiff "knows or has reason to know that the act providing the basis of her injury has occurred." *Ruiz-Bueno*, 659 F. App'x at 833 (internal citations omitted). In making this determination, courts "look to the event that should have alerted the typical lay person to protect his or her rights." *Id.* at 834 (internal citations omitted).

Defendant argues that this case is similar to *Hackett v. Board of Education of the Marysville Exempted Village School District*, where this Court found a § 1983 claim's statute of limitations began running when a teacher received notice that the school district was placing her on unpaid leave and was seeking to terminate her employment. 2019 U.S. Dist. LEXIS 94399 at *12–13. The Court agrees. On April 19, 2016, Plaintiff received a letter notifying him that Defendant was

suspending his pay and seeking to terminate his employment. (Def.'s Mot. J. Pleadings at 8–9.) Thus, any claim under § 1983 needed to be filed by April 19, 2018. (*Id.*) The Complaint was filed on February 6, 2019, well after the statute of limitations had passed. Plaintiff, in his motion and response, does not contest this. Plaintiff's claim is time barred unless equitable tolling or the continuous violations doctrine applies.

### B. Equitable Tolling

As a primary matter, § 1983 claims are not tolled solely because a plaintiff engages in administrative proceedings. Absent a statutory directive to the contrary,[2] the exhaustion of administrative remedies is not required for § 1983 claims. *South Park, Ltd. v. City of Avon*, No. 1:06 CV 2468, 2007 U.S. Dist. LEXIS 21371, at *8 (N.D. Ohio Mar. 26, 2007). Accordingly, federal courts routinely reject claims that the § 1983 statute of limitations period is tolled while a plaintiff exhausts administrative remedies. *Id.* at *9–10 (citing cases). Thus, Plaintiff's claim is not tolled solely because he chose to pursue administrative remedies.

Plaintiff argues he is entitled to federal equitable tolling. (Pl.'s Mot. J. Pleadings at 2, ECF No. 23.) Since Ohio's statute of limitations applies to section 1983 claims, so does Ohio's tolling statute unless the result is inconsistent with federal law. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015) (citing *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010)). Plaintiff does not argue Ohio law produces an inconsistent result with federal law. Plaintiff, thus, forfeits any argument he might have had regarding the federal equitable tolling rules, since asserting inconsistency is "the only circumstance in which [the Court] could apply the federal rules." *Roberson v. Macnicol*, 698 F. App'x 248, 250–51 (6th Cir. 2017) (citing *Johnson*, 777 F.3d at 845 (6th Cir. 2015)).

---

[2] Plaintiff fails to point to any such directive which would apply here. Exhaustion is typically required in prisoner litigation, which this is not. *See South Park*, 2007 U.S. Dist. LEXIS 21371 at *8.

Even if Plaintiff could rely on federal tolling rules here, his argument would still fail. In general, federal equitable tolling is available when a litigant fails to meet a legally mandated deadline due to unavoidable circumstances beyond his control. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). While "tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect." *Id.* (citing *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004)). A litigant carries the burden of establishing his entitlement to equitable tolling. *Id.* (citation omitted).

Equitable tolling is only applicable in limited circumstances after the court has considered the balancing factors set out in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The Sixth Circuit, in *Orr*, identified the following five factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (3) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Id.*

"The most common situation calling for equitable tolling involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline." *Andrews*, 851 F.2d at 151; *see e.g., Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1797) (express statements by the employer and the employee's reliance on them, could reasonably have led to a delay in filing the claim). "It is well-settled that ignorance of the law alone, is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (noting that the plaintiff's "lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations").

This case is not one in which any affirmative act or representation by Defendant caused Plaintiff to miss his filing deadline. Plaintiff asserts only that Defendant did not expressly tell

Plaintiff about the filing deadline, and therefore he was not aware of it. (Pl.'s Mot. J. Pleadings at 2–3.) This assertion is not enough for the Court to apply equitable tolling. Thus, while the Court empathizes with the *pro se* Plaintiff trying to decipher legal rules, the circumstances alleged do not establish Plaintiff is entitled to equitable tolling.

### C. Continuing Constitutional Violation Doctrine

The continuing constitutional violation doctrine can apply to § 1983 claims. *Wilder v. Collins*, No. 2:12-cv-64, 2012 U.S. Dist. LEXIS 64231, at *6 (S.D. Ohio May 8, 2012); *Cooper v. City of Westerville*, No. 2:13-cv-427, 2012 U.S. Dist. LEXIS 19942, at *18–19 (S.D. Ohio Feb. 18, 2014). Nonetheless, it is limited in the situations to which it applies. *Id.*; *Cooper*, 2012 U.S. Dist. LEXIS 19942 at *18–19. The Sixth Circuit has provided that a continuing violation exists if: (1) the defendant's wrongful conduct continues after the precipitating event that began the pattern; (2) the injury to the plaintiff continues to accrue after that event; and (3) injury to the plaintiff would have been avoidable if the defendant had at any time ceased their wrongful conduct. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Id.*

Plaintiff contends Defendant "continued to take part in a fraud that started in 2015 with the removal of [Plaintiff] under fraudulent charges and continues with a fraud [through the] denial of [Plaintiff's] professional license." (Pl.'s Mot. J. Pleadings at 2.) Defendant argues Plaintiff is simply asserting ill effects, not continual unlawful acts, and the Court agrees. Plaintiff alleges only that there are ill effects from the initial violation, namely, that his teaching license may be suspended. He does not allege that Defendant has performed any additional acts which violate his constitutional rights. Thus, this doctrine is not applicable to Plaintiff's claim.

Plaintiff's claim is barred by the statute of limitations, and thus, Defendant's motion for judgment on the pleadings is GRANTED[3] and Plaintiff's motion for judgment on the pleadings is DENIED. Because Plaintiff fails to state a claim upon which relief can be granted, he cannot show he is entitled to judgment as a matter of law and thus, his motion for summary judgment is DENIED. Additionally, Defendant's motion for reconsideration is DENIED as moot.

## IV.

Defendant's Motion to Strike Plaintiff's Amended Complaint is evaluated under Federal Rule of Civil Procedure 15 and Local Rule 7.3. Under Rule 15, a party can amend their pleading once "as a matter of course" within "21 days after serving it" or if the pleading requires a response, "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. Pro. 15(a)(1). After this time has passed, a party may amend its pleading only with the opposing party's consent or by leave of court. *Id.* at 15(a)(2).

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun Cty*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Importantly, in interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

---

[3] Defendant also argues it is entitled to judgment on the pleadings because Plaintiff was afforded due process, Plaintiff failed to allege Defendant had a policy or custom which resulted in the violation of Plaintiff's rights, and Defendant is not an entity capable of being sued. Defendant's arguments are persuasive, but the Court need not address them as the Defendant is entitled to judgment because the claim is barred by the statute of limitations.

13

Local Rule 7.3 provides that a party filing a motion "to which other parties might reasonably be expected to give their consent (such as motion to amend the pleadings . . . ) shall," consult with the parties whose interests may be affected and solicit their consent.

Plaintiff filed his Amended Complaint nine months after filing his original Complaint and thus, he was required to consult with Defendant, seek Defendant's consent, and obtain leave of court. Instead, Plaintiff filed the Amended Complaint without consulting with Defendant, obtaining leave of court, or filing a motion.[4] Plaintiff's failure to comply with the federal rules and the local rules justifies granting Defendant's motion to strike the Complaint. *NECA-IBEW Pension Fund v. Cox*, No. 1:11-cv-451, 2011 U.S. Dist. LEXIS 147827, at *6–7 (S.D. Ohio Dec. 21, 2011) (granting a motion to strike a complaint because plaintiff failed to seek leave from the court prior to filing his amended complaint).

V.

Even if Plaintiff had complied with the procedural rules regarding filing an amended complaint, his Amended Complaint would still be stricken because the amendments are futile. The Amended Complaint includes a new claim for fraud, a new claim for breach of contract, and the addition of new defendants.

Under Rule 9(b) when a complaint includes a claim of fraud the party "must state with particularity the circumstances constituting the fraud." Fed. R. Civ. Pro. 9(b). The Sixth Circuit reads Rule 9(b)'s requirements liberally "requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud." *McGee*

---

[4] Plaintiff argues this Court's October 31, 2019, Order, gave him additional time to amend his Complaint. Plaintiff is mistaken, however, for the Court's Order gave Plaintiff "additional time to respond to Defendant's Motion for Judgment on the Pleadings." (ECF No. 21.) This Order did not give plaintiff additional time to amend his Complaint. (*See id.*)

*v. E. Coast Gas Co.*, 111 F. Supp. 2d 979, 986–87 (S.D. Ohio 2000) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 199)). Additionally, "allegations of fraudulent misrepresentations must be made with sufficient particularity and with sufficient factual basis to support an inference that they were knowingly had." *Id.* at 987 (citing *Advocacy Org.*, 111 F. Supp. 2d at 322).

Plaintiff alleges that Defendant filed a "concealed/falsified complaint" to the Ohio Department of Education ("ODE"). (Am. Compl. ¶ 38.) He admits "the charges have never been revealed to [him]." (*Id.*) This is the only information Plaintiff provides as to the basis of this claim. Defendant argues this does not comply with Rule 9, and in his response, Plaintiff does not contest this. Plaintiff has not provided the time the alleged fraud occurred or the content of the alleged misrepresentation. Plaintiff has not provided the basis for Defendant's alleged fraudulent scheme or fraudulent intent. Plaintiff has failed to satisfy Rule 9, and thus, the fraud claim would not survive a motion to dismiss. Amendment to add this claim would be futile.

Plaintiff also adds a third claim to his amended complaint which he titles "Compulsory Counter Claims." (Am. Compl. at 10.) Plaintiff states this includes a claim for breach of contract because Plaintiff signed an "improvement plan" in October of 2019, but Defendant "did not provide [p]rogressive discipline for [Plaintiff]." (*Id.* at 11.) Plaintiff also states Defendant did not "provide[] reasonable accommodation for [his] sleep apnea." (*Id.*) Defendant argues this claim would not survive a motion to dismiss. and in his response, Plaintiff does not contest this. This claim does not state a claim upon which relief could be granted. These vague statements are not supported by any allegations in the Complaint and they do not coherently make out any claim for relief. Thus, the amendment to add this claim would be futile.

Finally, the Amended Complaint adds new defendants including Columbus City Board of Education, Dan Good, the superintendent during the short time Plaintiff worked for Columbus City Schools, DeWayne Davis, the Principal at Fairwood Elementary School, the ODE, and Julie Pfeiffer, the head of Employee Relations for Columbus City Schools during the time Plaintiff worked there. (*See* Am. Compl. ¶¶ 5–8.) As the Court already found, however, Plaintiff's claims under § 1983 are barred by the statute of limitations. *See infra* Section III. Thus, claims against these Defendants would not survive a motion to dismiss.[5] Amendment to add these defendants would be futile.

In sum, Plaintiff did not comply with the procedural rules for amending his Complaint, and even if he did, the amendments are futile. Defendant's Motion to Strike Plaintiff's Amended Complaint is GRANTED.

## VI.

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." A civil case can be removed from a state court "if it could have been brought there originally." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Additionally, when removal is based on federal question jurisdiction, the federal question must be based on the complaint, it cannot be based on a federal defense to the complaint. *See PNC Bank v. Cook*, No. 1:12CV930, 2013 U.S. Dist. LEXIS 129778, at *6 (S.D. Ohio Sept. 11, 2013) (citing *Caterpillar, Inc. v. Williams*, 483 U.S. 386, 393 (1987)). An

---

[5] Defendant also points out that these new defendants were not properly served under Rule 5, and Plaintiff does not contest this. This provides an additional basis as to the futility of these amendments for they would not survive a motion to dismiss under 12(b)(5).

administrative action is not a "civil action" under § 1441 until it has been taken to the district court of the county. *Chicago R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954).

The removal statute is narrowly construed, and doubts are to be resolved against removal. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000); *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.3d 332, 339 (6th Cir. 1989).

## VII.

Plaintiff filed a motion to remove a state administrative hearing to this Court. (Pl.'s Mot. Removal at 1, ECF No. 32.) Defendant argues this is improper because the administrative action could not have been filed in this Court originally, it is not a "civil action" under the removal statute, and finally, there are three separate procedural errors with Plaintiff's motion.

Plaintiff argues the claim before the ODE is a § 1983 case, and thus, it could have been brought in this Court originally with federal question jurisdiction under 28 U.S.C. § 1331. As Defendant points out, however, this is incorrect. The action in front of the ODE arises under Chapter 19, Title 33 of the Ohio Revised Code and Chapter 3301–73 of the Ohio Administrative Code, which allows the State Board of Education to suspend, revoke, or deny a teaching license. (*See* Pl.'s Resp. to Def.'s Mot. Strike at Ex. D (giving Plaintiff notice of the upcoming hearing before the State Board of Education), ECF No. 29.) This action, thus, could not have originally been filed in this Court, and thus, cannot be removed to this Court. *See Rogers*, 230 F.3d at 871.

Plaintiff's argument that his defense to this matter includes federal law is also unpersuasive. (*See* Pl.'s Mot. Remove at 1–2.) As Defendant correctly points out, a federal defense is not a basis for removal. *See PNC Bank*, 2013 U.S. Dist. LEXIS 129778 at *6.

In addition, this action is an ongoing case before the ODE. (*See* Pl.'s Resp. to Def.'s Mot. Strike at Ex. D.) Plaintiff offered no further evidence or allegation that this administrative hearing

has been completed and has been appealed to the Common Pleas Court. Thus, this is not a "civil action" under the removal statute and therefore cannot be removed to this Court. *See Chicago*, 346 U.S. at 578.

Defendant also makes persuasive arguments as to three procedural errors in Plaintiff's motion which provide further support for denial of Plaintiff's motion to remove. The Court need not address these, however, because the action could not have been brought in this Court originally, and, it is not a "civil action." Thus, Plaintiff's motion for removal is DENIED.

### VIII.

In conclusion, Plaintiff's Motion for Summary Judgment (ECF No. 14) and Motion for Judgement on the Pleadings (ECF No. 23) are **DENIED**. Defendant's Motion for Judgment on the Pleadings (ECF No. 19) is **GRANTED**. Defendant's Motion for Reconsideration (ECF No. 18) is **DENIED as moot**. Defendant's Motion to Strike the Amended Complaint (ECF No. 24) is **GRANTED**. Finally, Plaintiff's Motion for Removal (ECF No. 32) is **DENIED**. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

3-18-2020
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE