UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STANLEY WATKINS,**

       **Plaintiff,**

    v.

**COLUMBUS CITY SCHOOLS,**

       **Defendant.**

Case No. 2:19-cv-394
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

The matter before the Court is Plaintiff Stanley Watkins' ("Plaintiff") Rule 59 Motion for New Trial/Motion to Vacate the Judgment. (ECF No. 37). For the reasons stated herein, this Motion (ECF No. 37) is **DENIED**.

Additionally, Plaintiff's Motion to Reconsider Plaintiff's Motion to File Electronically (ECF No. 36) is before the Court. For the reasons stated herein, Plaintiff's Motion (ECF No. 36) is **DENIED as moot.**

**I.**

On March 18, 2020, the Court granted Defendant Columbus City Schools' ("Defendant") Motion for Judgment on the Pleadings. (*See* Op. & Order, ECF No. 34.) The Court found Plaintiff's claim barred by the statute of limitations. (*Id.* at 13.) Next, Plaintiff filed a "Rule 59 Motion for New Trial/ to Vacate the Judgment."[1] (*See* Rule 59 Mot. New Trial/ Mot. Vacate J.,

---

[1] Despite the title of the motion mentioning a new trial, the Court will treat this as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and not a motion for a new trial because Plaintiff did not have a trial. Further, Plaintiff argues in his motion that the Court made errors of law, which is one of the reasons a Rule 59(e) motion may be granted. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). This leads the Court to believe Plaintiff intended to bring a Rule 59 motion and not a Rule 60(b) motion.

ECF No. 37, hereinafter "Pl.'s Mot.")  Plaintiff also filed a Notice of Appeal.  (*See* ECF No. 38.)  The case on appeal is being held in abeyance, pending resolution of this matter, in accordance with Federal Rule of Appellate Procedure 4(a)(4).  (ECF No. 39.)

**II.**

Federal Rule of Civil Procedure 59(e) permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).  It is within the sound discretion of the district court whether to grant relief under Rule 59(e).  *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004).  A Rule 59(e) motion is rarely granted unless the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent a manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."  *Howard v. United* States, 533 F.3d 472, 475 (6th Cir. 2008).  This is because Rule 59(e) motions do not permit parties to reargue a case, but instead, allow the district court to correct its own errors.  *Id.*; *White v. JPMorgan Chase Bank, NA*, 521 F. App'x 425, 430 (6th Cir. 2013) ("[T]he district court properly denied the motion [to reconsider] because this argument could have been presented in Plaintiff's response to the motion for summary judgment."); *Moore v. Coffee Cty.*, 402 F. App'x 107, 109 (6th Cir. 2010) ("Indeed, [the Sixth Circuit] has long held that '[a] Rule 59(e) motion . . . is not the proper vehicle to raise arguments that should have been made before judgment." (quoting *Russel v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 424 (6th Cir. 2005)); *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting

a party should not use a motion for reconsideration as a vehicle to re-hash old arguments that could have been argued previously).

### III.

Plaintiff asks this Court to reconsider its decision denying Plaintiff's Motion for Summary Judgment and Motion for Judgment on the Pleadings and granting Defendant's Motion for Judgment on the Pleadings. Plaintiff argues this Court made a clear error of law for three reasons: (1) Plaintiff's "claims should be preserved by equitable tolling based on an Equal Employment Opportunity Commission ("EEOC") mistake as in *Chavez v. Credit Nation Auto Sales*, 49 F. Supp. 3d 1163 [(N.D. Ga. 2014);]" (2) Ohio's saving statute applies; and (3) case law provides the statute of limitations should have accrued at a later date. (*See* Pl.'s Mot.)

Plaintiff presents no newly discovered evidence, intervening change in controlling law, or error of law the Court made based on the evidence and arguments the parties' presented in their motions. Rather, Plaintiff presents three arguments which were not presented to the Court prior to now. Plaintiff could have presented these arguments in either his motion for summary judgment or his motion for judgment on the pleadings. Plaintiff cannot use a Rule 59(e) motion to put forth new arguments and re-litigate his case. *Howard*, 533 F.3d at 475; *White*, 521 F. App'x at 430. These arguments should have been made prior to judgment. *Moore*, 402 F. App'x at 109.

Further, even if Plaintiff had presented these arguments in his prior motions, they do not change the outcome in this case for they are without merit.

**A. Equitable Tolling as in *Chavez***

Plaintiff contends that he is entitled to equitable tolling because the EEOC erred in failing to provide him a right to sue letter in a timely manner. (Pl.'s Mot. at 2.) Plaintiff contends his case is like *Chavez* where the Northern District of Georgia equitably tolled a plaintiff's exhaustion

of her administrative remedies for her Title VII claim based on the EEOC's misleading remarks her ability to file a complaint. 49 F. Supp. 3d at 1173. Even if *Chavez* were mandatory authority, which it is not, the current case is different from *Chavez* in several important respects.

First, *Chavez* deals with a Title VII claim where exhaustion of administrative remedies is required in order to file suit in federal court. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) ("[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful acts."). Plaintiff's claim is under Section 1983, which does not require exhaustion of administrative remedies. *Wal Juice Bar, Inc. v. City of Oak Grove*, 211 F. App'x 358, 361 (6th Cir. 2006) (citing *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982)); *Gies v. Flack*, No. C-3-96-61, 1996 U.S. Dist. LEXIS 22527, at *16 (S.D. Ohio Apr. 24, 1996).

Second, the court in *Chavez* was addressing the time to file a claim with the EEOC and found that the EEOC's misrepresentations caused the time to be extended. *See* 49 F. Supp. 3d at 1174. This case, in contrast, addressed the time to file a complaint in federal court.

Thus, *Chavez*, is inapplicable and Plaintiff's first argument is without merit.

### B. Ohio's Saving Statute

Plaintiff argues that Ohio Revised Code Section 2305.19 applies to the instant case and allows his case to be filed in federal court on February 6, 2019. (Pl.'s Mot. at 3–4.)

Ohio Revised Code, Section 2305.19, provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment to the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later . . .

OHIO REV. CODE § 2305.19(A).  Plaintiff previously filed suit in the Franklin County Court of Common Pleas and filed suit in the Ohio 10th District Court of Appeals.  (*See* Def.'s Mot. Dismiss at Exs. E, F, L, ECF No. 4.)  Plaintiff has not contended, however, that either of these cases were "reversed' or decided "otherwise than upon the merits."

Instead, Plaintiff focuses on the fact that he raised his Section 1983 claim in these prior proceedings.  This does not show his prior cases were reversed or decided on grounds other than the merits.  The Franklin County Court of Common Pleas concluded "[t]he plaintiff's conduct sleeping among other things, teaching deficiencies, an inability to get along with or work with others constituted 'good and just cause' for his termination." (Def.'s Mot. Dismiss at Ex. F.)  The 10th District Court of Appeals affirmed this decision.  (*Id.* at Ex. L.)  These appear to be decisions on the merits and Plaintiff does not provide any argument otherwise.  Thus, this statute is inapplicable, and this argument is without merit.

**C. Date When Statute of Limitations Began to Run**

Plaintiff's third argument puts forth a selection of cases which Plaintiff contends are applicable to his case and require that the Court find the statute of limitations in his case began to run on June 20, 2017.  This Court, relying on *Hackett v. Board of Education of the Marysville Exempted Village School District*, No. 2:18-cv-1308, 2019 U.S. Dist. LEXIS 94399, at *7 (S.D. Ohio June 5, 2019), held the statute of limitations began to run on April 19, 2016, when Plaintiff received notice he was being placed on leave, his pay was being suspended, and that Defendant was seeking to terminate his employment.  (*See* Op. and Order at 9.)

Primarily, Plaintiff contends that the Supreme Court case, which he refers to as "*Williamson*," requires the Court find the statute of limitations began to run on June 20, 2017.  Plaintiff does not provide a citation or full case name for the case he is referring to, but from the

5

text he quotes from the case, the Court believes Plaintiff is referring to *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985). Plaintiff argues this case, and other cases which rely on this case, provide the standard for when the statute of limitations began to run in his case. This case is inapplicable for several reasons. First, this case provides a standard to determine when Fifth Amendment takings claims become ripe. Plaintiff's claim is a procedural due process claim, not a taking claim.

Second, this case has been overturned in part by *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019). The *Knick* Court overturned the *Williamson* requirement that litigants seek compensation through the state system before bringing a taking claim in federal court. *Id.* at 2169–73. Plaintiff uses this *Williamson* requirement to argue his termination was not final until June 20, 2017. (Pl.'s Mot. at 5.) Plaintiff argues he could not seek compensation by having a referee hearing until June 20, 2017. (*Id.*) This is not persuasive, for even if *Williamson* was applicable to this situation, this part of the case has been overruled.

Plaintiff next cites a series of cases which he contends support his argument that the statute of limitations began to run on June 20, 2017. Each of the cited cases, however, either do not address the accrual of the statute of limitations at all or are not relevant to Plaintiff's case.[2] (Pl.'s Mot. at 6–10 (citing *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) (holding the statute of limitations for a death-row prisoner's method of execution claim began to run when the law changed to require lethal injection); *McDaniel v. Princeton City Sch. Dist. Bd. of Educ.*, 45 F. App'x 354 (6th Cir. 2002) (holding the district court was correct in finding the defendants violated the plaintiff's constitutional rights by terminating her from her teaching position without providing proper notice and opportunity to be heard, but not addressing statute of limitations);

---

[2] Some of the cases Plaintiff mentions include no full case name or citation and thus, the Court could not locate them.

*Southview Assoc., Ltd. v. Bongartz*, 980 F.2d 84 (2d Cir. 1992) (affirming the district court's dismissal of the case because the complaint did not state a claim for a physical taking and the remaining claims were not ripe); *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102 (1974) (holding the statute at issue did not bar the Tucker Act remedy to provide just compensation for a taking); *Ruiz-Bueno v. Maxim Healthcare Servs.*, 2015 U.S. Dist. LEXIS 77115 (S.D. Ohio June 15, 2015) (holding the statute of limitations for a § 1983 case based on a prisoner's death began to run, at the latest, when the plaintiff filed a suit for failure to provide adequate medical care, for regardless of when the statute typically begins to run, the plaintiff clearly knew about the claim at this point); *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192 (1997) (addressing when a statute of limitations for a claim under the Multiemployer Pension Plan Amendments Act of 1980 begins to run); *Wallace v. Kato*, 549 U.S. 384 (2007) (holding that when a claim seeks damages for false arrest in violation of the Fourth Amendment, and the arrest is followed by criminal proceedings, the statute of limitations begins to run at the time the claimant becomes detained pursuant to the legal process).)  The cited cases do not address the issue at hand and do change the Court's holding that the statute of limitations in this instance began to run on April 19, 2016.

In sum, Plaintiff provides three new arguments and thus, attempts to relitigate the case. This is reason to deny his motion.  Further, even if the Court looks at the merits of Plaintiff's arguments, they do not entitle Plaintiff to have his judgment overturned.  Thus, Plaintiff's motion is **DENIED**.

### IV.

Plaintiff has also filed a motion to reconsider the Court's earlier order denying Plaintiff's request to file electronically.  (ECF No. 36.)  Plaintiff states that he would like to file electronically

7

because of the Covid-19 crisis.  (*See id.*)  Because the Court has denied the above motion to vacate the judgment, this motion is now moot.  Thus, this motion is **DENIED as moot.**

**V.**

For the reasons stated herein, Plaintiff's Rule 59 Motion for New Trial/Motion to Vacate the Judgment (ECF No. 37) is **DENIED**.  Additionally, Plaintiff's Motion to Reconsider Plaintiff's Motion to File Electronically (ECF No. 36) is **DENIED as moot.**

**IT IS SO ORDERED.**

**4/20/2020**                                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                                    **EDMUND A. SARGUS, JR.**
                                                                                    **UNITED STATES DISTRICT JUDGE**